**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EASTERN ASSOCIATED COAL
CORPORATION,
Petitioner,

v.

THOMAS G. WALLS; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 96-2856

On Petition for Review of an Order
of the Benefits Review Board.
(92-569-BLA)

Submitted: September 23, 1997

Decided: October 14, 1997

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Solomons, Laura Metcoff Klaus, ARTER & HADDEN,
Washington, D.C., for Petitioner. S.F. Raymond Smith, RUNDLE &
RUNDLE, L.C., Pineville, West Virginia; J. Davitt McAteer, Acting
Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M.

Nece, Counsel for Appellate Litigation, Jill M. Otte, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eastern Associated Coal Corp. (Eastern) appeals the decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) order awarding Thomas Walls (Walls) black lung benefits under 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1997).

Walls filed his first application for black lung benefits in June 1973. The claim was denied in June 1980, and Walls did not appeal. Walls filed two more pro se applications for black lung benefits that were denied before he filed this claim for benefits, his fourth application for black lung benefits, in September 1989. After hearing Walls' claim, an ALJ awarded Walls benefits. Eastern appealed the ALJ's decision to the Board; however, the Board affirmed the ALJ's order. Eastern moved for reconsideration, and the Board again affirmed the award of benefits.

After this court issued its opinion in Lisa Lee Mines v. Director, Office of Workers' Compensation Programs,[1] Eastern again sought reconsideration from the Board. The Board granted Eastern's motion to reconsider the ALJ's decision in light of Lisa Lee Mines; however, the Board found that the ALJ correctly found a material change of condition, and for the third time affirmed the ALJ's decision awarding black lung benefits to Walls. Now, Eastern petitions for review of the Board's order affirming the ALJ's award of benefits.

_____

**1** 86 F.3d 1358 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3505 (Jan. 21, 1997) (No. 96-402).

2

On appeal, Eastern asserts that this case must be remanded to the ALJ to be determined in accordance with the "one-element" standard this court adopted in Lisa Lee Mines for determining whether a claimant establishes a material change in condition in duplicate claims cases.**2** That standard merely requires the claimant to prove, by means of evidence of his medical condition subsequent to the prior denial, at least one element previously adjudicated against him. **3** Therefore, Eastern's claim is without merit because the Board reviewed the ALJ's findings in light of Lisa Lee Mines, and determined that the ALJ's decision to award black lung benefits correctly relied upon the medical evidence submitted subsequent to the denial of Walls' third application for black lung benefits.

Moreover, the Board did not err by failing to remand the case to the ALJ. Instead, the Board followed the same path as this court in Lisa Lee Mines. Rather than remanding, the Board applied the standard articulated in Lisa Lee Mines, and found that although the ALJ did not make a separate and distinct finding under 20 C.F.R. § 725.309 (1997), the ALJ implicitly found that Walls had demonstrated a material change in conditions based on medical evidence compiled after the previous denial.**4**

Because the Board applied the standard set forth in Lisa Lee Mines and substantial evidence supports the ALJ's award of benefits, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2 See Lisa Lee Mines**, 86 F.3d at 1363.
**3 Id.**
**4 Id.** at 1365.

3